UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 18-cv-20128-COOKE/GOODMAN

RICHARD DALLEY,

    Plaintiff,

v.

CG RYC, LLC, CG MIAMI RIVER LLC,
FOOD AND LEVERAGE, LLC,
STEPHANE DUPOUX, and
MEYER CHETRIT,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Richard Dalley ("Mr. Dalley") files this Motion for an Enlargement of Time to Respond to Defendants' Motion to Dismiss Plaintiff's Complaint and states the following in support thereof:

**I.   BACKGROUND OF RELEVANT FACTS**

1.  On November 3, 2017, Mr. Dalley initially filed a Complaint along with 11 other plaintiffs in Florida state court against his former employer River Yacht Club, its owner, its owner's corporate members, and individuals who control those entities.

2.  On December 14, 2017, Defendants removed the matter to federal court[1]. *See* [*Bodan*, DE 1-1 at ¶¶ 1-18]. Subsequently, the Court *sua sponte* severed all plaintiffs. [*Bodan*, DE 8].

---

[1] *Bodan v. CG RYC, LLC*, Case No. 1:18-cv-24530-UU ("*Bodan*").

3. On January 11, 2018, Mr. Dalley refiled his Complaint individually. [DE 1]. Meanwhile, in *Bodan*, Defendants filed a Motion to Disqualify Plaintiff's Counsel on January 30, 2018. [*Bodan*, DE 24].

4. On February 5, 2018, the *Bodan* Court referred Defendants' Motion to Disqualify Plaintiff's Counsel to Magistrate Judge O'Sullivan. [*Bodan*, DE 33].

5. On March 15, 2018, Magistrate Judge O'Sullivan issued a Report and Recommendation that the Court grant Defendants' Motion to Disqualify Plaintiff's Counsel in *Bodan*. [*Bodan*, DE 33].

6. On March 26, 2018, the Honorable Ursula Ungaro ratified, affirmed, and adopted Magistrate Judge O'Sullivan's Report and Recommendation in *Bodan*. [*Bodan*, DE 58 (attached as Exhibit A)].

7. Understanding that Defendants will likely file a Motion to Disqualify in this case, Mr. Dalley, who is confident that there is no conflict of interest in the undersigned's representation of him, has decided to retain new counsel so that the case is not side-tracked by a motion to disqualify and can proceed to resolution of the merits.

8. Because this matter is associated with the 11 other matters whose plaintiffs were originally all part of the action, the undersigned is working to transfer all cases at the same time.

9. Due to this unexpected occurrence, Mr. Dalley is presently unable to adequately prosecute his claims against Defendants and is seeking a brief 30-day extension to obtain new counsel and respond to Defendants' Motion to Dismiss.

**II.   ARGUMENT**

In light of the disqualification of Mr. Dalley's counsel in three other related matters pending in the Court, Mr. Dalley is proactively seeking to obtain new counsel. However, due to a

number of upcoming deadlines, including the deadline to respond to Defendant's Motion to Dismiss [DE 19], Mr. Dalley requests a reasonable 30-day extension of time to substitute his current counsel and file his response to Defendants' Motion to Dismiss.

Courts in the Eleventh Circuit have repeatedly granted, both *sua sponte* and upon motion, extensions of time or a stay of the proceedings until the affected party can adequately obtain new counsel. *Contant v. Kawasaki Motors Corp., U.S.A, Inc.*, 826 F. Supp. 427, 430 (M.D. Fla. 1993) (in granting defendant's motion to disqualify plaintiff's counsel, the court afforded the plaintiff thirty days to obtain new counsel and file a notice of appearance and further, ordered a stay of all outstanding motions until thirty days from the filing of the notice of appearance); *Rentclub, Inc. v. Transamerica Rental Fin. Corp.*, 811 F. Supp. 651, 658 (M.D. Fla. 1992) (after granting the motion to disqualify counsel, further ordered the cause to be stayed for 120 days to allow the party to obtain substitute counsel and for the new counsel to have adequate time to familiarize themselves with the litigation); *McPartland v. ISI Inv. Servs., Inc.*, 890 F. Supp. 1029, 1032 (M.D. Fla. 1995) (affording the defendant corporation thirty days to obtain new counsel and file a notice of appearance, and denying all outstanding motions with leave to refile if appropriate within fifteen (15) days of appearance by new counsel); *U.S. Commodity Futures Trading Comm'n v. Hunter Wise Commodities, LLC*, Case No. 12-81311, 2013 WL 12082739, at *6 (S.D. Fla. Sept. 6, 2013) (continuing the two-week trial and calendar call for nearly two months after the disqualification of defendants' counsel).[2]

---

[2] Other federal courts have similarly granted motions to stay and for extensions of time, as parties would be prejudiced if new counsel was not given time to become educated in the issues. *Amec Constr. Mgmt., Inc. v. Fireman's Fund Ins. Co.*, Case No. 13-00718, 2016 WL 7468808, at *2 (M.D. La. May 31, 2016) (granting the plaintiff's motion to stay after finding that plaintiff would be prejudiced if it were required to proceed with discovery and obtain new counsel simultaneously); *Univ. City Studios, Inc. v. Reimerdes*, 98 F. Supp. 2d 449, 456 (S.D.N.Y. 2000) (denying disqualification because of the prejudice to the defendant in having to find and educate new counsel two months away from trial); *Koulouris v. Chalmers*, 924 F. 2d 1061 (7th Cir. 1991) (noting that lower court granted a motion to stay for plaintiff to obtain new counsel); *Joyner v. Citicorp Trust Bank*, No. 2:12-CV-00298, 2014 WL 1225006 (D. Utah Mar. 24, 2014) (same); *Watts v. Ford Motor Co.*, 1:11-CV-1594, 2014 WL 12605463 (N.D. Ga. Oct. 31, 2014) (noting

3

**ZARCO EINHORN SALKOWSKI & BRITO**
100 S.E. 2ND STREET, 27TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

Given the current posture of the case, Mr. Dalley is seeking a brief 30-day extension of time to secure new counsel and respond to any outstanding deadlines. This extension will not prejudice Defendants and is sought to ensure that there is a smooth transition of counsel to avoid any further delays.

ACCORDINGLY, Plaintiff Richard Dalley respectfully requests that the Court grant his request for a 30-day extension of time, up to and including April 30, 2018, to respond to Defendants' Motion to Dismiss.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

/s/ Robert Zarco
Robert Zarco

Dated: March 30, 2018

Respectfully submitted,
**ZARCO EINHORN SALKOWSKI & BRITO, P.A.**
Miami Tower
100 S.E. 2nd Street, 27th Floor
Miami, Florida 33131
Telephone: (305) 374-5418
Facsimile: (305) 374-5428

By: /s/ Robert Zarco
**ROBERT ZARCO (FBN 502138)**
E-mail: rzarco@zarcolaw.com
**BESHOY RIZK (FBN 93808)**
E-mail: brizk@zarcolaw.com

---

that the lower court granted a twenty-day extension of time to respond to discovery in order to find new counsel); *E.F. Hutton & Co. v. Brown*, 305 F. Supp. 371, 403 (S.D. Tex. 1969) (granting motion to stay and noting that an "order of disqualification will delay proceedings for several months while plaintiff's new counsel digest the files"); *Equal Emp. Opportunity Comm. v. Peters' Bakery*, Case No. 13-cv-04508, 2015 WL 13358147 (N.D. Cal. Mar. 4, 2015) ("The disqualification of a party's first-choice counsel is unquestionably harmful").

4

**ZARCO EINHORN SALKOWSKI & BRITO**
100 S.E. 2ND STREET, 27TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

**MARGARET T. LAI (FBN 0074395)**
E-mail: mlai@zarcolaw.com
Secondary E-mail: mguedes@zarcolaw.com
Secondary E-mail: eservice@zarcolaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via the Court's CM/ECF system on this 30th day of March, 2018.

           By: /s/ Robert Zarco
              Robert Zarco